John L. LEWIS, Henry G. Schmidt, and Josephine Roche, As Trustees of the United Mine Workers of America Welfare and Retirement Fund of 1950, Plaintiffs-Appellees,

v.

Ramsey BROCK and Reid Brock, Individually and doing business as partners under the trade name and style of J. & F. Coal Company, Harlan, Kentucky, Defendants-Appellants.

No. 14740.

United States Court of Appeals Sixth Circuit.

Oct. 3, 1962.

James C. Brock, Harlan, Ky., for defendants-appellants.

Charles L. Widman, Washington, D. C. (Val J. Mitch, Harold H. Bacon, Washington, D. C., Lay & Knuckles, Grant F. Knuckles, Pineville, Ky., M. E. Boiarsky, Charleston, W. Va., on brief), for plaintiffs-appellees.

Before CECIL, Chief Judge, MILLER, Circuit Judge, and McNAMEE, District Judge.

PER CURIAM.

The Trustees of the United Mine Workers of America Welfare and Retirement Fund brought this action to recover from the appellants, Ramsey Brock and Reid Brock, doing business under the name of J. & F. Coal Company, past due and unpaid royalties of 40 cents per ton of coal produced, under the provisions of the collective bargaining agreement between the appellants and the United Mine Workers of America, pursuant to the National Bituminous Coal Wage Agreement.

Appellants contend that the processing companies, who were the purchasers of the coal produced by them, were instructed by agents of the United Mine Workers of America to deduct the royalty payment from the price of the coal purchased and to forward the royalty payments so deducted to the Trustees, which method of payment had been followed by appellants and by all parties signatory to such collective bargaining agreements in that area; and that royalty payments so made had been accepted by the Trustees with full knowledge of this method of payment. Appellants claim that the royalty payments sought by this action were amounts retained by the processing companies as such royalties, but not paid by them to the Trustees.

The District Judge was of the opinion that this was not a valid defense to the action and rendered summary judgment for the Trustees.

Appellants do not claim that there was a novation between the Trustees, the processing companies and the appellants, under which the processing companies were substituted for the appellants as obligors under the collective bargaining agreement, or that the processing companies were authorized agents of the Trustees to collect royalty payments for them. We are of the opinion that the direction of the union to the processing companies to make the payments in this manner, the deduction by the processing companies of the royalty payment from the purchase price of the coal paid to the appellants as so directed, and the acceptance by the Trustees of such payments as were made by processing companies did not operate as a release of the appellants of their obligation to make the remaining unpaid royalty payments to the Trustees. Lewis v. Benedict Coal Corp., 361 U.S. 459, 80 S.Ct. 489, 4 L.Ed.2d 442.

The judgment is affirmed.